THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEANETTE HICKERSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:10-cv-4809 |
| § | |
| VALUED LIFE ORGANIZATION, INC., § | |
| dba ALL ABOUT SENIORS ADULT § | |
| DAYCARE AND JOHNNY HOLLINS, § | |
| INDIVIDUALLY, § | |
| § | |
| Defendants. § | |

PLAINTIFF'S ORIGINAL COMPLAINT

SUMMARY OF SUIT

1.   Defendant Valued Life Organization, Inc., dba All About Seniors Adult Daycare (the "Company") failed to pay overtime compensation to Plaintiff Jeanette Hickerson ("Hickerson") who regularly worked overtime hours without compensation.

2.   Hickerson brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to her under the Fair Labor Standards Act, 29 U.S.C. Section 216(b) (2010) (the "FLSA").

JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction under 29 U.S.C. Section 216(b)(2010) and 28 U.S.C. Section 1331 (2010).

4.   Hickerson brings this complaint in the district in which she and the Company reside and where a substantial portion of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C. Section 1391(b)(2010).

## THE PARTIES

5. Hickerson was employed with the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Hickerson worked as an aide in food service, activities and housekeeping, non-exempt positions, for workweeks of more than forty (40) hours per week. In performing her duties, Hickerson engaged in commerce or in the production of goods for commerce.

6. The Company, a domestic entity located in Houston, Texas, is an enterprise engaged in commerce within the meaning of the FLSA and has acted, directly or indirectly, in the interest of an employer with respect to Hickerson. The Company can be served with process by serving its registered agent, Doris Harris at 4800 W. 34th Street, Suite C-54, Houston, Texas 77092.

7. Defendant Johnny Hollins ("Hollins") is the Company's owner. Hollins is an individual residing within this district who has engaged in commerce or the production of goods for commerce. Hollins has acted, directly or indirectly, in the interest of an employer with respect to Hickerson and is personally liable for the Company's violations of the FLSA. Hollins may be served with process at 4800 W. 34th Street, Suite C-54, Houston, Texas 77092.

## BACKGROUND

8. Hickerson was employed by the Company as an aide in food service, activities and housekeeping and was paid the same rate of

pay regardless of the number of hours Hickerson worked. In fact, Hickerson regularly worked in excess of forty (40) hours per week for which she was not paid at one and one-half times her regular rate of pay. Moreover, when Hickerson complained about the Company's failure to proper compensate her for all hours worked, the Company and Hollins (collectively, the "Defendants") retaliated against Hickerson by terminating her employment.

9. Hollins has a substantial financial interest in the Company, and was directly involved in:

a. the hiring and firing of the Company's employees;

b. the Company's day-to-day operations as they relate to defining the terms of employment, workplace conditions, and the level of compensation to be received by the Company's employees;

c. the Company's finances; and

d. corporate decisions.

## HICKERSON'S ALLEGATIONS

10. Hickerson is entitled to be paid time-and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C. Section 207(a)(2010). Accordingly, the Company's practice of failing to pay Hickerson overtime compensation is a clear violation of the FLSA.

11. No exemption excuses the Company from paying Hickerson overtime rates for hours worked over forty (40). Nor has the Company made a good faith effort to comply with the FLSA. Instead, the Company knowingly, willfully, or with reckless disregard

carried out an illegal pattern or practice regarding overtime compensation with respect to Hickerson.

12. Moreover, and when Hickerson complained to the Company about its failure to pay Hickerson overtime, the Company retaliated against Hickerson by terminating her employment.

## CAUSE OF ACTION

### A. Overtime Compensation

13. Hickerson incorporates all allegations contained in paragraphs 1 through 12.

14. The Company's practice of failing to pay Hickerson for the actual hours worked or for overtime hours worked at one and one-half times her appropriate regular rate was and is in violation of the FLSA.

15. Accordingly, Hickerson is entitled to unpaid wages and unpaid overtime pay in an amount which is one and one-half times her appropriate regular rates.

16. Additionally, Hickerson is entitled to an amount equal to all of his unpaid wages and unpaid overtime wages as liquidated damages.

17. Additionally, Hickerson is entitled reasonable attorneys' fees and costs of this action. 29 U.S.C. Section 216(b)(2010).

### B. Retaliaton

18. As stated above, when Hickerson complained about the Company's failure to properly pay her for all hours worked, the

Defendants retaliated against Hickerson by terminating her employment with the Company.

19.  As such, the Defendants retaliated against Hickerson because of her complaint regarding the Defendants' failure to pay overtime compensation in violation of the FLSA.

20.  The Defendants' conduct is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA. Instead, the Defendants knowingly, willfully, or with reckless disregard retaliated against Hickerson in violation of the FLSA. Therefore, Hickerson seeks reinstatement, compensatory damages, liquidated damages, and punitive damages in connection with the Defendants' unlawful conduct.

<p align="center">PRAYER</p>

WHEREFORE, Hickerson requests that this Court award her judgment against the Company for the following:

  a. damages for the full amount of her unpaid overtime compensation;

  b. an amount equal to her unpaid overtime compensation as liquidated damages;

  c. reinstatement;

  d. compensatory damages;

  e. exemplary damages;

  f. reasonable attorneys' fees, costs and expenses of this action;

  g. pre-judgment interest and post-judgment interest at the highest rates allowable by law; and


h.  such other and further relief as may be allowed by law.

    Respectfully submitted,

    _____
    Douglas B. Welmaker
    TBA# 00788644
    Fed. ID# 17038
    3334 Richmond Avenue, Suite 100
    Houston, Texas 77098
    713-522-0066 (telephone)
    713-522-9977 (fax)
    dwelmaker@warrensiurek.com

    ATTORNEY IN CHARGE FOR PLAINTIFF


OF COUNSEL:

WARREN & SIUREK, L.L.P.
Mark Siurek
TBA# 18447900
Fed ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com


WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com