UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEANETTE HICKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-CV-4809 |
| | § | |
| VALUED LIFE ORGANIZATION, INC., | § | |
| dba ALL ABOUT SENIORS ADULT | § | |
| DAYCARE, and JOHNNY HOLLINS, | § | |
| INDIVIDUALLY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Rule 56 Motion for Summary Judgment (the "Motion") (Doc. No. 7).

After considering the Motion, all responses thereto, and the applicable law, the Court finds that the Motion should be denied.

## I.    BACKGROUND

The following facts are drawn from Plaintiff's complaint and are accepted as true for purposes of the Motion. Hickerson worked for Valued Life Organization, Inc. d/b/a/ All About Seniors Adult Daycare (the "Company") as an aide in food service, activities and housekeeping. Johnny Hollins was the Company's owner and was directly involved in the Company's operations by hiring and firing the Company's employees, overseeing the Company's day-to-day operations, directing the Company's finances, and making corporate decisions. Hickerson's employment positions at the company were non-exempt positions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Hickerson regularly worked in excess of forty hours per week. However, Hickerson did not receive overtime compensation in exchange for the hours she

worked in excess of forty hours per week. When Hickerson complained about the Company's failure to properly compensate her for the hours she worked in excess of forty (40) per week, the Company and Johnny Hollins (collectively, the "Defendants") terminated her employment.

Hickerson filed suit against the Defendants for violating FLSA by failing to provide her proper overtime compensation and by retaliating against her for her complaints. Defendants have moved to dismiss Hickerson's complaint, or in the alternative, for summary judgment. Hickerson has responded. The motion is ripe for disposition.

## II.   LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* A pleading need not contain detailed factual allegations, but must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

Ultimately, the question for the court to decide is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. The court must accept well-pleaded facts as true, but legal conclusions are not entitled to the same assumption of truth. *Iqbal*, 129 S. Ct. at 1950 (citation omitted). The court should not "'strain to find inferences favorable to the plaintiffs'" or "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). A district court can consider the contents of the pleadings, including attachments thereto, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a Court may refer to matters of public record when deciding a motion to dismiss. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000). Importantly, the court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citation omitted); *Duke Energy Intern., L.L.C. v. Napoli*, Case No. H-09-2408, --- F. Supp. 2d ----, 2010 WL 3749298 (S.D. Tex. Sept. 21, 2010).

## III.   ANALYSIS

Defendants argue that Plaintiff's complaint fails to make sufficient allegations either that Plaintiff was engaged in commerce or that Defendants are an enterprise engaged in commerce or the production of goods for commerce. Plaintiff argues that her complaint alleges sufficient facts.

Under FLSA, "no employer shall employ any of his employees who in any workweek is

engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" for more than forty hours per week without proper overtime compensation for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). As such, employment may be covered under FLSA pursuant to either "individual" or "enterprise" coverage. *Tony & Susan Alamo Foundation v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985). To determine whether an individual is "engaged in commerce," the Fifth Circuit applies a practical test of "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med. Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (omitting citation).[1] In order to fall under FLSA's "enterprise" coverage, a company must have at least $500,000 in annual gross volume of sales or business. *Id.* § 203(s)(1)(A)(ii).

Here Hickerson has alleged that she engaged in food service, activities and housekeeping while working at the Company. In addition, Hickerson has alleged that the Company is engaged in commerce. Finally, Hickerson has alleged that Hollins oversaw the Company's operations, including its finances and making corporate decisions. These allegations identify specific actions by Plaintiff and Defendant that plausibly support claims that each was engaged in commerce within the meaning of FLSA. We find that Plaintiff's complaint alleges sufficient facts to survive a 12(b)(6) motion to dismiss.

As for Defendants' motion for summary judgment, under Federal Rule of Civil Procedure 12(d), a motion to dismiss must be treated as a Rule 56 motion for summary judgment if the court considers matters outside the pleadings in deciding the motion. Before a Rule 12(b)(6)

---

[1] "Commerce" is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

motion may be converted to a Rule 56 motion, a court must be satisfied that the nonmoving party

"has . . . had the opportunity to discover information that is essential to [its] opposition."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Here Defendants submit

affidavits from the Company's employees describing Hickerson's duties in order to establish that

Hickerson was not engaged in commerce. In addition, Defendants submit approximately two

years of bank statements in order to establish that the Company did not have at least $500,000 in

gross sales volume. Hickerson, on the other hand, has had no opportunity to engage in discovery.

Defendants have not filed an answer, initial disclosures have not been exchanged, and no

discovery has occurred. Discovery would be necessary to allow Plaintiff to challenge

Defendants' assertion of the Company's gross sales revenue. As such, the Court declines to

convert this Motion to one for summary judgment. There has been insufficient time for discovery

thus far and summary judgment is not appropriate at this juncture. *See* Fed. R. Civ. P. 56(c), (d),

(f).

## IV.    CONCLUSION

For the reasons stated in this order, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of March, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE